**Order filed September 23, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00607-CR
_____

**BRANDON RAY MORGAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1419351**

## ABATEMENT ORDER

This is an appeal from appellant's murder conviction. On July 21, 2014, the trial court sentenced appellant to life in prison. Appellant was represented by Franklin Bynum of the Harris County Public Defender's Office at trial, and counsel requested the trial court appoint him to continue representing appellant on appeal. The trial court signed an order on July 21, 2014, appointing Franklin Bynum as appellate counsel, but the order appears to reflect that Bynum was employed by the Public Defender's Office at the time.

On August 25, 2014, appellant's motion to substitute counsel was filed in this court. In the motion, appellant asks that Franklin Bynum be substituted as lead counsel on appeal in place of the Public Defender's Office. The motion states that it is agreed to by the Public Defender's Office and appellant, and the motion contains signatures of both. The State has not filed a response in opposition to the motion.

We abate the appeal and remand the cause to the trial court for the judge of the 338th District Court to rule on appellant's request to substitute counsel and conduct any hearing that the court deems necessary. *See* Tex. Crim. Proc. Code art. 26.04 (setting out procedures for appointing counsel for indigent defendants). The court shall reduce its ruling to a written order and direct the trial clerk to include the order in a supplemental clerk's record. If a hearing is held, the judge shall see that a record of the hearing is made and shall order the trial clerk to forward a record of the hearing along with the supplemental clerk's record containing the court's order to the clerk of this court. These supplemental records shall be filed with the clerk of this court on or before **October 10, 2014.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.


PER CURIAM